FORM 1.5.
(6/90)

## FORM 5.    INVOLUNTARY PETITION

| United States Bankruptcy Court | INVOLUNTARY |
|---|---|
| Northern _____ District of _____ Illinois | PETITION |

| IN RE (Name of Debtor - If Individual: Last, First, Middle) | ALL OTHER NAMES used by debtor in the last 6 years (Include married, maiden, and trade names.) |
|---|---|
| **Multiut Corporation** | MC  MU |

Last four digits of Soc. Sec. No./Complete Tax I.D. No. 36-3812388

| STREET ADDRESS OF DEBTOR (No. and street, city, state, and zip code) | MAILING ADDRESS OF DEBTOR (If different from street address) |
|---|---|
| 7514 N. Skokie Blvd., Skokie, IL. 60077 | |

COUNTY OF RESIDENCE OR PRINCIPAL PLACE OF BUSINESS
Cook

LOCATION OF PRINCIPAL ASSETS OF BUSINESS DEBTOR (If different from previously listed addresses)

CHAPTER OF BANKRUPTCY CODE UNDER WHICH PETITION IS FILED

[✓] Chapter 7          [ ] Chapter 11

### INFORMATION REGARDING DEBTOR (Check applicable boxes)

Petitioners believe:
[ ] Debts are primarily consumer debts
[ ] Debts are primarily business debts (complete sections A and B)

TYPE OF DEBTOR
[ ] Individual          [ ] Corporation Publicly Held
[ ] Partnership         [✓] Corporation Not Publicly Held
[ ] Other: _____

A. TYPE OF BUSINESS (Check one)
[ ] Professional          [ ] Transportation      [ ] Commodity Broker
[ ] Retail/Wholesale      [ ] Manufacturing/      [ ] Construction
[ ] Railroad              [ ] Mining             [ ] Real Estate
                          [ ] Stockbroker        [ ] Other

B. BRIEFLY DESCRIBE NATURE OF BUSINESS

Marketing and selling Deregulated Natural Gas to end users thru Peoples Gas, North Shore Gas and Nicor Gas in Illinois

### VENUE

[✓] Debtor has been domiciled or has had a residence, principal place of business, or principal assets in the District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

[ ] A bankruptcy case concerning debtor's affiliate, general partner or partnership is pending in this District.

### PENDING BANKRUPTCY CASE FILED BY OR AGAINST ANY PARTNER OR AFFILIATE OF THIS DEBTOR (Report information for any additional cases on attached sheets.)

| Name of Debtor | Case Number | Date |
|---|---|---|
| | | |
| Relationship | District | Judge |

### ALLEGATIONS
(Check applicable boxes)

1. [✓] Petitioner(s) are eligible to file this petition pursuant to 11 U.S.C. § 303()
2. [ ] The debtor is a person against whom an order for relief may be entered u__ of the United States Code.
3.a. [ ] The debtor is generally not paying such debtor's debts as they become d__ such debts are the subject of a bona fide dispute;
   or
b. [ ] Within 120 days preceding the filing of this petition, a custodian, other t__ receiver, or agent appointed or authorized to take charge of less than subs__ of the property of the debtor for the purpose of enforcing a lien against s__ property, was appointed or took possession.

U.S. Bankruptcy Court
Northern District Of Illinois
Filed: 03/24/2004
Time: 14:12:19
Debtor: MULTIUT CORPORATION
Case: 04-11665      Fee : 209
Chapter: 7 Rec. # : 3070696
Judge: John Schwartz

1:04BK11665-BK001

FORM 5 Involuntary Petition
(6/92)

Name of Debtor   Multiut Corporation

Case No. _____
                                          (court use only)

## TRANSFER OF CLAIM

☐   Check this box if there has been a transfer of any claim against the debtor by or to any petitioner.  Attach all documents evidencing the transfer and any statements that are required under Bankruptcy Rule 1003(a).

## REQUEST FOR RELIEF

Petitioner(s) request that an order for relief be entered against the debtor under the chapter of title 11, United States Code, specified in this petition.

Petitioner(s) declare under penalty of perjury that the foregoing is true and correct according to the best of their knowledge, information, and belief.

| X _____ | X _____ |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney                     Date |
| Yenuda Draiman                     March 24, 2004 | |
| Name of Petitioner               Date Signed | Name of Attorney Firm (If any) |
| Name & Mailing    2640 W Touhy Ave., No. 210, Chicago, IL. 60645 | Address |
| Address of Individual Signing in Representative Capacity | Telephone No. |

| X _____ | X _____ |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney                     Date |
| Name of Petitioner               Date Signed | Name of Attorney Firm (If any) |
| M DRAIMAN CORP    3-24-04 | |
| Name & Mailing 2640 w Touhy Av #210, Chicago IL, 60646 | Address |
| Address of Individual Signing in Representative Capacity | Telephone No. |

| X _____ | X _____ |
|---|---|
| Signature of Petitioner or Representative (State title) | Signature of Attorney                     Date |
| Name of Petitioner               Date Signed | Name of Attorney Firm (If any) |
| U.S. GAS & ENERGY CORP    3-24-04 | |
| Name & Mailing 2640 W. Touhy Ave. #210, Chicago IL, 60646 | Address |
| Address of Individual Signing in Representative Capacity | Telephone No. |

## PETITIONING CREDITORS

| Name and Address of Petitioner | Nature of Claim | Amount of Claim |
|---|---|---|
| Yehuda Draiman<br>2640 W Touhy Ave., No. 210, Chicago, IL. 60645 | Fees for the sale of Natural gas futures | $990,390.00 + Int. |
| Name and Address of Petitioner<br>M Draiman Corporation<br>2640 W Touhy Ave. No. 210, Chicago IL 60645 | Nature of Claim<br>Commisions for sale of natural gas | Amount of Claim<br>$250,000.00 + Int. |
| Name and Address of Petitioner<br>U.S. Gas & Energy Corp.<br>2640 W Touhy Ave., No. 210, Chicago, IL. 60645 | Nature of Claim<br>Fees due for the sale of natural gas | Amount of Claim<br>$150,000.00 + Int. |

| Note: | If there are more than three petitioners, attach additional sheets with the statement under penalty of perjury, each petitioner's signature under the statement and the name of attorney and petitioning creditor information in the format above. | Total Amount of Petitioners' Claims<br>$1,390,000.00 + Int. |
|---|---|---|

_____continuation sheets attached

NACHSHON DRAIMAN

# IN THE FEDERAL DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

DYNEGY MARKETING and TRADE, a
Colorado Partnership,

           Plaintiff,

        v.

MULTIUT CORPORATION, an Illinois
Corporation and NACHSON DRAIMAN,
an Illinois Resident,

           Defendants.

)
)
)
)
)
)
)
)
)
)
)

No. **02C 7446**

JUDGE NORDBERG

MAGISTRATE JUDGE MASON

FILED-EDS
02 OCT 16 PH 4:15
CLERK
U.S. DISTRICT COURT

**DOCKETED**
OCT 17 2002

## COMPLAINT

Dynegy Marketing and Trade ("Dynegy"), by its attorneys, complains of Multiut

Corporation ("Multiut") and Nachshon Draiman ("Draiman") as follows:

### THE PARTIES

1.    Dynegy is a Colorado general partnership with its principle place of business in

Houston, Texas. The only partners of the partnership are Dynegy GP, Inc., a Delaware

corporation, and DMT Holdings, LP, a Delaware limited partnership (f/k/a NGC GP, Inc.).

2.    Multiut is an Illinois corporation with its principle place of business located in

Cook County, Illinois.

3.    Draiman is an individual residing in Cook County, Illinois.

### JURISDICTION
### AND VENUE

4.    This Court has jurisdiction, under 28 U.S.C. § 1332(a)(1), because the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

citizens of different states.

/175101.v 3

5.      Venue is proper, under 28 U.S.C. § 1391(a), because the defendants reside in and a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

## COUNT I
## (Breach of Agreement)

6.      On or about January 1, 1994, Multiut signed a Natural Gas Sales Agreement with Natural Gas Clearinghouse ("NGC") for the purchase and sale of natural gas (the "Agreement"). A true and correct copy of the Agreement, with Exhibits A and B, is attached as Exhibit 1.

7.      On July 7, 1998, NGC changed its name to Dynegy Marketing and Trade

8.      Under the Agreement, Multiut "[acted] as the duly authorized agent and representative of ultimate consumers and users of natural gas delivered to Multiut under the Agreement." (Agreement, page 1).

9.      Under the Agreement, Multiut is "responsible for collecting payment from its principals. The payment to [Dynegy] by Multiut on behalf of Multiut's principals shall be due on the twentieth (20th) day of the month, or as to statements delivered after the tenth (10th), within ten (10) days after receipt of such statements." (Agreement, page 5, Article V-A (2).)

10.     Dynegy delivered and/or Multiut received invoices, for the purchase and sale of natural gas under the Agreement, in each month from October 2000 through September 2002, inclusive (the "Invoices").

11.     Multiut breached the Agreement by failing and/or refusing to pay the Invoices in full when due.

12.     As of October 11, 2002, the unpaid principal balance due under the Invoices, after application of payments in accordance with Article V-A(3) of the Agreement, is $20,325,574.63 (the "Unpaid Principal Balance").

2

13.     Under the Agreement, "Should Multiut fail to pay all of the amount of any bill when the same becomes due, Multiut shall pay [Dynegy] a late charge on the unpaid balance that shall accrue on each calendar day from the due date at a rate equal to two percent (2%) above the then-effective monthly prime commercial lending rate per annum announced by The Federal Reserve Bulletin from time to time . . . " In addition, "the late charge...shall compound monthly". (Agreement, page 5, Article V-A (3).)

14.     Under the Agreement, "If either principal or late charges are due, any payments thereafter received shall first be applied to the late charges due, then to the previously outstanding principal due and lastly, to the most current principal due." (Agreement, page 5, Article V-A (3)).

15.     As of October 11, 2002, the amount of interest due, in accordance with Article V-A(3) of the Agreement, is $1,673,139.68 (the "Interest").

16.     Dynegy has performed all its obligations under the Agreement.

WHEREFORE, Dynegy requests entry of a judgment in its favor and against Multiut, for $20,325,574.63, plus interest, through October 11, 2002, of $1,673,139.68 and such other relief as the Court deems appropriate.

## COUNT II
## (Breach of Guaranty)

17.     Dynegy repeats and reasserts the allegations of paragraphs 1 through 16, inclusive, as paragraph 17.

18.     On or about October 31, 1995, Draiman and Multiut executed a Guaranty (the "Guaranty"). A true and correct copy of the Guaranty is attached as Exhibit 2.

3

19.    Under the Guaranty, Draiman and Multiut, unconditionally "[guaranteed] the payment to NGC promptly when due, or upon demand thereafter, pursuant to the terms of the Agreement, the full amount of all obligation or indebtedness due to NGC under the Agreement."

20.    Draiman and Multiut are jointly and severally liable for their obligations under the Guaranty.

21.    Draiman and Multiut breached the Guaranty by failing to pay, when due, the Unpaid Principal Balance and the Interest.

WHEREFORE, Dynegy requests entry of a judgment in its favor and against Multiut and Draiman, jointly and severally, for $20,325,574.63 plus interest, through October 11, 2002, of $1,673,139.68 and such other relief as the Court deems appropriate.

DYNEGY MARKETING and TRADE

By: _____
One of its attorneys

GOULD & RATNER
Barry S. Hyman (#6188142)
Theodore F. Kommers (#06211381)
Suite 800
222 North LaSalle Street
Chicago, IL 60601
(312) 236-3003
Attorney No.: 04018

4

EXHIBIT "F"

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

JACK GORE, on behalf of himself )
and all other persons and entities )
similarly situated, )
)
)
Plaintiff, )
)
vs. )
) No. 01 CH 19688
)
MULTIUT CORPORATION, an Illinois )
corporation, )
)
)
Defendant. )

**FILED**

FEB 1 4 2002

DOROTHY BROWN
CLERK OF CIRCUIT COURT

FIRST AMENDED
CLASS ACTION COMPLAINT

NOW COMES Plaintiff, JACK GORE, ("GORE"), on behalf of
himself and all other persons similarly situated, by and through
his attorneys, LARRY D. DRURY, LTD. and complaining against
Defendant, MULTIUT CORPORATION, ("MULTIUT"), states as follows:

COUNT I

BREACH OF WRITTEN CONTRACT

1.   Plaintiff is a resident of Lake County, State of
Illinois, and owns numerous buildings throughout Cook County,
Illinois which use natural gas as part of their daily operations.

2.   Defendant, MULTIUT, is a corporation incorporated under
the laws of the State of Illinois, does business in the State of
Illinois, is believed to use interstate pipelines and acquire
natural gas from outside of Illinois, from suppliers such as
Dynergy Corporation, to supply said gas to the Plaintiff and the

Class within Illinois including, but not limited to Cook County, Illinois.

3.   That on or about January, 1989, Plaintiff entered into a written contract with the Defendant, which was provided to Plaintiff for signing by Yahuda Draiman, MULTIUT's employee/ agent, to purchase natural gas from the Defendant to be supplied to the Plaintiff's buildings in Cook County, Illinois.  A signed copy of said contract is not available, however, a copy of MULTIUT's form "Agreement," believed to be the same as the contract signed by the plaintiff, is attached hereto as Plaintiff's Exhibit A.

4.   Pursuant to the aforesaid contract, the Plaintiff paid the Defendant for natural gas from on or about January, 1989 to the present, and from March 1, 1991 to on or about March 1, 1994 said payment included an eight percent (8%) City of Chicago gross receipts tax per the Municipal Code of Chicago, ILCS Ch. 132, Sec. 3, totaling approximately Fourteen Thousand Dollars ($14,000).  Pursuant to Exhibit A, paragraph 5, the Defendant was not to impose the eight percent (8%) City of Chicago gross receipts tax on the Plaintiff and the class unless said tax was imposed upon the Defendant by the City of Chicago, which it was not.

5.   The City of Chicago did not and, on information and belief, will not collect the aforesaid eight percent (8%) tax

2

paid by the Plaintiff and the Class to the Defendant, presumably because of United States' constitutional restrictions with respect to the interstate commerce clause and exemptions for interstate pipelines and out-of-state suppliers. As a result thereof, the City of Chicago changed the tax in 1994 from an eight percent (8%) gross receipt tax to a flat rate tax of 1.4 - 1.5 cents per therm. Prior to January, 1995, the Defendant collected at least $1,000,000 to $1,500,000 of the eight percent (8%) tax from the Plaintiff and the class, and rather than refunding said tax, with interest, to the Plaintiff and the Class or placing the taxes in an escrow fund, which should be so ordered by this court, the Defendant commingled the taxes with its general checking account(s) and held, spent, misappropriated, and/or disbursed said taxes on its own behalf to the detriment and damage of the Plaintiff and the Class.

6.   The Defendant breached its contract with the Plaintiff and the Class in that the taxes were not paid to the City of Chicago but were held, spent, misappropriated, and/or disbursed by the Defendant on its own behalf. Further, the Defendant breached the contract with the Plaintiff and the class pursuant to Exhibit A, paragraph 5 by imposing the eight percent (8%) City of Chicago tax on the Plaintiff and the class when, in fact, the Defendant was not assessed or charged said tax by the City of Chicago.

3

7. Plaintiff and the Class have paid the Defendant the eight percent (8%) City of Chicago tax which has not been paid to the City and although often demanded, the Defendant refuses to refund said taxes, plus interest, to the Plaintiff and the Class, all to their damage and detriment.

8. Pursuant to paragraphs 3 and 4 of Exhibit A attached hereto, the Defendant was to charge the Plaintiff and the class for natural gas actually supplied to said persons and entities on a set per therm cost basis, and in addition thereto, charge the Plaintiff and the class an amount equal to one-half (1/2) of their per therm cost savings per month.

9. In fact, the Defendant did not charge the Plaintiff and the Class as set forth in paragraph 8 above and, in breach thereof, excessively overcharged the Plaintiff and the class millions of dollars for the purchase of natural gas from the Defendant, and refuses to refund said overcharges, with interest, to the Plaintiff and the class, all to their detriment and damage.

10. Defendant's aforesaid conduct is continuing and Defendant's records and documents are voluminous and Plaintiff fears that unless enjoined, Defendant may destroy same. Defendant should account for the Plaintiff's and the Class' overcharges and eight percent (8%) tax money, with interest, and determine the rights of the parties with respect thereto.

4

November 30th, 2002                                    Re: Case No.

## AFFIDAVIT OF MARTIN MEREL

Martin Merel provides the following affidavit pursuant to Section 1-109 of the Illinois Code of Civil Procedure.

1.   I am the owner, partner & manager of several real estate properties in the Chicago metropolitan area.

2.   I have been procuring natural gas for the properties for the past 13 years from Yehuda Draiman through Multiut Corporation in Skokie, Illinois to save on natural gas costs.

3.   During the month of May, 2001, it came to my attention that Multiut Corporation billed me in the past for the city of Chicago sales tax on natural gas totaling $18,836.65 plus interest totaling approximately $10,360.00, since the Chicago city tax was to have been put in an interest bearing escrow account, it was never paid and should be refunded.
In addition it came to my attention that Multiut Corporation has billed me for natural gas that was never delivered to my account during the month of January 2001.

4.   I reviewed  my bills from Multiut Corporation and various other documents relating to the terms of my agreement with Multiut Corporation and have found the following:
        a.   Multiut had me execute an addendum to my agreement which extended the term of my agreement by three years and promised me an additional 10% in savings rebates, which was never credited or refunded. (See attached exhibit).
        b.   Upon reviewing my bills for past years I noticed that Multiut Corporation has been over-billing me, charging me improper cost per therm, wrong tariffs, wrong credits and charges, not providing administrative charges credits during months that only storage was shipped and billed for, improper adjustments, not providing me proper credit for storage charges, billing me for gas that was not delivered to my account, not being reimbursed for storage not used and retained by Multiut Corporation.
        c.   Multiut Corporation charged me an insurance fee totaling $11,440.00 on my gas purchases for the properties in Chicago, between 1991-1994 without my explicit knowledge and/or authorization, these charges plus interest of approximately $6,292.00 should be refunded.

During the summer of 2001, I sent various letters and had various communications both oral and written with Nachshon Draiman, President of Multiut Corp. and Rita Grunfeld, assistant.  The responses were not satisfactory to me. Nachshon Draiman has tried to blame others for my predicament (I have complete trust in my rep.). (See attached exhibits).

        Under penalties of as provided by law, pursuant to Section 1-109 of the Illinois Code of Civil Procedure, I hereby certify that the foregoing is true and correct.

                                        X  _____
                                           Martin Merel

EXHIBIT "W"

| Record Type | # | Most Recent Filing Date |
|---|---|---|
| Bankruptcy Proceedings | 0 | - |
| Judgments | 0 | - |
| Liens | 0 | - |
| Suits | 1 | 09/27/2001 |
| UCC's | 5 | 11/23/1998 |

=========================================================================

## Public Filings Detail

The following data is for information purposes only and is not the
official record.  Certified copies can only be obtained from the
official source.

-------------------------------------------------------------------------

### * * * SUIT(S) * * *

-------------------------------------------------------------------------

CASE NO.: 01CV001454
PLAINTIFF:   WPS ENERGY SERVICES INC          STATUS: Pending
DEFENDANT:   MULTIUT CORP                     DATE STATUS ATTAINED:  09/27/2001
CAUSE:       MONEY JUDGMENT                   DATE FILED:            09/27/2001
WHERE FILED: BROWN COUNTY CIRCUIT COURT,      LATEST INFO RECEIVED:  10/11/2001
             GREEN BAY, WI

-------------------------------------------------------------------------

### * * * UCC FILING(S) * * *

-------------------------------------------------------------------------

COLLATERAL: Negotiable instruments including proceeds and products - Inventory
            including proceeds and products - Accounts receivable including
            proceeds and products - Account(s) including proceeds and products
            - and OTHERS
FILING NO:  003607523
TYPE:       Original                          DATE FILED:            11/04/1996
SEC. PARTY: THE FIRST NATIONAL BANK, CHICAGO  LATEST INFO RECEIVED:  11/26/1996
            IL                                FILED WITH: SECRETARY OF
DEBTOR:     MULTIUT CORP                                   STATE/UCC DIVISION,
                                                           IL
-------------------------------------------------------------------------
COLLATERAL: Inventory including proceeds and products - Accounts receivable
            including proceeds and products - Account(s) including proceeds and
            products - General intangibles(s) including proceeds and products -
            and OTHERS
FILING NO:  003946808
TYPE:       Original                          DATE FILED:            11/23/1998
SEC. PARTY: SUCCESS NATIONAL BANK,            LATEST INFO RECEIVED:  01/12/1999
            LINCOLNSHIRE, IL                  FILED WITH: SECRETARY OF
DEBTOR:     MULTIUT CORP                                   STATE/UCC DIVISION,
                                                           IL
-------------------------------------------------------------------------
COLLATERAL: Inventory including proceeds and products - Account(s) including
            proceeds and products - General intangibles(s) including proceeds
            and products - Chattel paper including proceeds and products - and
            OTHERS
FILING NO:  003675775
TYPE:       Original                          DATE FILED:            04/10/1997
SEC. PARTY: LASALLE NATIONAL BANK, CHICAGO,   LATEST INFO RECEIVED:  05/15/1997
            IL                                FILED WITH: SECRETARY OF
DEBTOR:     MULTIUT CORP.                                  STATE/UCC DIVISION,
                                                           IL
-------------------------------------------------------------------------
FILING NO:  003594539
TYPE:       Amendment                         DATE FILED:            10/02/1996
SEC. PARTY: THE FIRST NATIONAL BANK, CHICAGO  LATEST INFO RECEIVED:  10/07/1996
            IL                                ORIG. UCC FILED: 05/04/1989
DEBTOR:     MULTIUT CORP.                      ORIG. FILING NO: 002570170
                                              FILED WITH: SECRETARY OF
                                                          STATE/UCC DIVISION,